Filed 12/19/14  P. v. Brown CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B254987 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA054784) |
| v. | |
| ROBERT LEE BROWN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Wade Olson, Judge.  Dismissed as Abandoned.

Jonathan B. Steiner and Suzan E. Hier, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

The trial court denied appellant Robert Lee Brown's "Petition for Modification of Sentence to Comply with Prison Population Reduction Order on *Plata v. Brown*." (See *Brown v. Plata* (2011) ___ U.S. ___ [131 S. Ct. 1910]; *Coleman v. Brown* (E.D. Cal. 2013) 952 F.Supp.2d 901.) Brown timely appealed. His court-appointed counsel has filed an opening brief raising no issues. (See *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*).) Following *People v. Serrano* (2012) 211 Cal.App.4th 496, 503, review den. Mar. 13, 2013 (*Serrano*), we conclude that "[w]here a defendant has been afforded all the constitutional protections of a first appeal of right, including the right to *Wende* review where appropriate, . . . he is not entitled to *Anders* [*v. California* (1967) 386 U.S. 738]/*Wende* procedures, including collateral attacks on the judgment." Accordingly, as counsel's submission complies with the requirements set forth in *Serrano* and Brown has not filed a supplemental brief with this court, we dismiss the appeal as abandoned.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 12, 2001, the District Attorney of the County of Los Angeles filed an information alleging that Brown used a knife to assault a public transit passenger on or about November 10, 2001. The information charged Brown with one count of assault with a deadly weapon on a transportation passenger (Pen. Code, § 245.2[1]). The information further alleged that Brown suffered three prior convictions pursuant to sections 667, subdivisions (a)(1) and (b)-(i), and 1170.12, subdivisions (a)-(d), and four prior convictions pursuant to section 667.5, subdivision (b).

Brown pleaded guilty to the assault count (§ 245.2) on January 15, 2002. Brown also admitted one prior "strike" conviction (§ 1170.12, subds. (a)-(d)) and three other prior convictions. (§ 667, subd. (a)). The trial court sentenced Brown to a low term of three years on the assault count, as well as an additional three years pursuant to section 1170.12, subdivisions (a)-(d). The court added an additional five years for each of the

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

three convictions that Brown admitted pursuant to section 667, subdivision (a), bringing Brown's sentence to 21 years. The court credited Brown with 81 days in custody, consisting of 70 days of actual custody and 11 days of good time credit.[2] There is no indication in the record that Brown exercised his right to appeal, and the time for doing so has long passed.

In February 2014, twelve years into his sentence, Brown, acting in propia persona, filed a "Petition for Modification of Sentence to Comply with Prison Population Reduction Order on *Plata v. Brown*." Brown contended that ongoing federal litigation addressing prison overcrowding set a deadline of December 31, 2013, for the state to reduce its prison population to no more than 137.5 percent of design capacity (see *Coleman v. Brown*, *supra*, 952 F.Supp.2d at p. 904); that the state failed to comply with that deadline; and, accordingly, that the trial court should "institute some kind of proceeding by which it may determine if Brown is the sort of inmate who may be released early as presenting little or no risk to public safety at this point." On February 26, 2014, the trial court summarily denied Brown's petition on the grounds that "[t]here is no substantial right the defendant is attempting to enforce" and "Defendant's sentence is pursuant to an agreed upon disposition between the defense and the people." Brown timely filed a notice of appeal on March 14, 2014.

Counsel appointed to represent Brown on appeal reviewed the record, filed an opening brief which raised no issues, and requested this court to conduct an independent review of the record. (See *Wende*, *supra*, 25 Cal.3d at p. 441.)

We directed counsel to send the record on appeal and a copy of the opening brief to Brown. We also advised Brown that he had 30 days in which to "submit by brief or letter any grounds of appeal, contentions, or argument which appellant wishes this court to consider." We received no response. After we discovered an irregularity in the

---

[2] Brown's counsel notes that the original sentence erroneously limited Brown's conduct credits to 15 percent. Counsel further represents that the error "was corrected in the trial court by a motion" pursuant to section 1237.1.

address of the June 30, 2014, notice,[3] we sent a second notice on September 30, 2014. To date, we have received no response.

## DISCUSSION

Brown's appointed counsel filed a no-issue brief and requested that this court make its "own independent examination of the record on appeal" pursuant to *Wende*. The *Wende* procedure was designed to protect indigent criminal defendants' federal constitutional right to effective assistance of counsel in the first appeal of right from their convictions. (*People v. Kelly* (2006) 40 Cal.4th 106, 118; see also *Serrano*, *supra*, 211 Cal.App.4th at p. 500; *Wende*, *supra*, 25 Cal.3d at pp. 441-442.) Our Supreme Court – and, ultimately, the United States Supreme Court (see *Smith v. Robbins* (2000) 528 U.S. 259, 276) – determined that the *Wende* requirement that the appellate court undertake a complete review of the record when counsel is unable to identify any arguable issue on appeal adequately implements the mandates of *Anders v. California* (1967) 386 U.S. 738,

---

[3]    Some documents in the record, including the probation report and Brown's own declaration, indicate that Brown's date of birth is August 6, 1949.  However, other documents in the record, including the information, felony complaint, and abstract of judgment, list Brown's birthdate as 30 years later, August 6, 1979.  This later date is two years *after* one of the prior convictions to which Brown admitted.  (It also is only a few years before the others.)  The inconsistency appears to have been unnoticed, or at the very least disregarded, by Brown, counsel, and the court below.

By remarkable coincidence, there is another Department of Corrections and Rehabilitation inmate named Robert Lee Brown who is thirty years younger than appellant Brown and may well have a birth date of August 6, 1979.  That Robert Lee Brown has a different inmate identification number than appellant Brown and is housed at a different facility.  The notice that we sent to Brown on June 30, 2014, was addressed to Robert Lee Brown, "DOB: 08/06/1979."  It listed the other Brown's identification number, but was sent to appellant Brown's facility.  It is not clear which, if either, Robert Lee Brown may have received this improperly directed notice.  To ensure that appellant Brown received the notice and had a full and fair opportunity to file a supplemental brief, we corrected the address information to reflect appellant Brown's correct date of birth and identification number, and re-sent the notice on September 30, 2014.

in first appeals of right. (*Serrano*, *supra*, 211 Cal.App.4th at p. 500; *People v. Kelly*, *supra*, 40 Cal.4th at p. 119.)

"Both the United States Supreme Court and the California Supreme Court have concluded that due process does not require *Anders/Wende* review other than in the first appeal of right from a criminal conviction." (*Serrano*, *supra*, 211 Cal.App.4th at p. 500, citing *Pennsylvania v. Finley* (1987) 481 U.S. 551, 555 (*Finley*), and *In re Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537 (*Ben C.*).) In *Finley*, the United States Supreme Court ruled that the federal constitutional "right to appointed counsel extends to the first appeal of right, and no further." (*Finley*, *supra*, 481 U.S. at p. 555.) Accordingly, the Court reasoned, "access to a lawyer is the result of the State's decision, not the command of the United States Constitution." (*Id.* at p. 556.) And since *Anders* (and *Wende*) primarily are concerned with ensuring the right to effective counsel, a defendant who "has no underlying constitutional right to appointed counsel . . . has no constitutional right to insist on the *Anders* procedures which were designed solely to protect that underlying constitutional right." (*Id.* at p. 557.) The California Supreme Court has relied on *Finley* to hold that "[t]he independent judicial review mandated by *Anders* . . . applies only to a defendant's first appeal as of right." (*People v. Kelly*, *supra*, 40 Cal.4th at p. 119.) For instance, the Court has clarified that the protections afforded by *Anders* and *Wende* do not extend to indigent parents' appeals from juvenile court decisions affecting child custody or parental status (*In re Sade C.* (1996) 13 Cal.4th 952, 959), or indigent conservatees' appeals from conservatorship proceedings (*Ben C.*, *supra*, 40 Cal.4th at p. 537).

The instant case is not a first appeal of right. Although it "originat[ed] in a criminal context, [it] is not a first appeal of right from a criminal prosecution, because it is not an appeal from the judgment of conviction." (*Serrano*, *supra*, 211 Cal.App.4th at p. 501.) "While the State of California affords defendant the right to appointed counsel in an appeal from a postconviction motion to vacate judgment, that right is a state created right, not a constitutional one." (*Ibid.*; see also *Finley*, *supra*, 481 U.S. at pp. 555-556.)

5

And because Brown lacks a federal constitutional right to counsel for his similarly aimed "Petition for Modification of Sentence to Comply with Prison Population Reduction Order on *Plata v. Brown*," "he is not entitled to *Anders/Wende* review when appointed counsel finds no arguable issues on appeal." (*Serrano*, *supra*, 211 Cal.App.4th at p. 501.)

Thus, after his appointed counsel failed to discern any arguable issues, she was obligated only to "(1) inform the court he or she has found no arguable issues to be pursued on appeal; and (2) file a brief setting forth the applicable facts and the law." (*Ben C.*, *supra*, 40 Cal.4th at p. 544; *Serrano*, *supra*, 211 Cal.App.4th at p. 503.) "Upon receipt of the brief from counsel, the court will inform defendant of his right to file a supplemental brief. The court will then either retain the appeal or dismiss it on our own motion." (*Serrano*, *supra*, 211 Cal.App.4th at p. 503; see also *Ben C.*, *supra*, 40 Cal.4th at p. 544, fn. 8 [If the defendant declines to file an appropriate supplemental brief, "he may, in the court's discretion, be deemed to have abandoned his appeal."].)

Here, as in *Serrano*, the *Wende* brief filed by counsel fulfills her obligations. (See *Serrano*, *supra*, 211 Cal.App.4th at p. 503.) Brown did not file anything with the court after being informed of his right to do so. Accordingly, we exercise our discretion to dismiss the appeal as abandoned. (*Id.* at p. 504.)

**DISPOSITION**

The appeal is dismissed as abandoned.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, J.

EPSTEIN, P. J.

WILLHITE, J.